IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JIMMY M. GARDENHIRE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-1001-EFM-GEB ) |
| SOLOMON CORPORATION, | ) ) |
| Defendant. | ) ) |

## ORDER

This matter is before the Court on Plaintiff Jimmy M. Gardenhire's for Appointment of Counsel (**ECF No. 3**) and his Amended Motion for Appointment of Counsel (**ECF No. 10**). For the reasons set forth below, Plaintiff's Motions are **DENIED**.

For parties like Plaintiff who proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel."[1] Because Plaintiff's claims are based on employment discrimination, the federal employment discrimination statutes also provide the court discretionary authority to appoint counsel "in such circumstances as the court may deem just."[2] But there is no constitutional right to counsel in a civil action.[3]

---

[1] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[2] *Jackson*, 2014 WL 494789, at *2 (citing 42 U.S.C. § 2000e–5(f)(1)).
[3] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).

In its broad discretion, the Court evaluates multiple factors when deciding whether to request an attorney for an indigent party.[4] In *Castner v. Colorado Springs Cablevision*,[5] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) a plaintiff's financial inability to pay for counsel; (2) a plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious allegations of discrimination; and (4) a plaintiff's capacity to present the case without counsel. Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located,[6] but consideration of the Court's growing docket, the increase in pro se filings, and the limited number of attorneys willing to accept appointment is also paramount.[7]

By approving Plaintiff's request to proceed *in forma pauperis*, the Court accepts the veracity of his affidavit of poverty and inability to afford legal counsel. And, although Plaintiff's initial Motion (ECF No. 3) was deficient, the Court accepts Plaintiff's statement in his Amended Motion (ECF No. 10) that he has conferred with at least five attorneys who have declined this case for various reasons, and finds he has diligently searched for counsel on his own, prior to seeking appointment. Therefore, he satisfies both the first and second prongs of the *Castner* analysis.

Despite Plaintiff's satisfaction of the financial and diligence factors of the analysis, the Court is unable to fully evaluate the merits of Plaintiff's claims given the information presented in his Complaint. Moreover, the Court has some present concerns

---

[4] *Jackson*, 2014 WL 494789, at *1.
[5] *Castner*, 979 F.2d 1417.
[6] *Castner,* 979 F.2d at 1421.
[7] *Jackson,* 2014 WL 494789, at *3.

regarding the timeliness of his Complaint, which the Court prefers to be determined prior to seeking appointed counsel.[8] Additionally, at this stage, Plaintiff has not demonstrated any reason why he is unable to adequately present the case on his own. His Complaint is understandable and adequately describes his claim.

The Court recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[9] as the case progresses. Postponing a decision to appoint counsel allows the Court to gain more information about both the merits of Plaintiff's claims and his ability to present this case to the Court.[10] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[11] Under the circumstances, the factors weigh against seeking an attorney to represent Plaintiff at this time. Therefore, the motions for appointment of counsel shall be **DENIED** without prejudice to Plaintiff filing a similar motion at a later time.

---

[8] Defendant Solomon Corporation filed a motion to dismiss, solely based upon Plaintiff's failure to file this federal complaint within 90 days after receiving the Dismissal and Notice of Right to Sue from the Equal Employment Opportunity Commission. *See* Def.'s Motion to Dismiss, ECF No. 12, citing 42 U.S.C.§2000e-5(f)(1), and 29 C.F.R.§1601.19 (a).
[9] *Jones v. Maritz Research Co.*, Case No. 14-2467-SAC-GLR, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014).
[10] *Id*. (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C. Cir. 1998)).
[11] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 3**) and Amended Motion for Appointment of Counsel (**ECF No. 10**) are **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 28th day of February, 2019.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
