# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

Jimmy M. Gardenhire,

    *Plaintiff,*

vs.

Solomon Corporation,

    *Defendant.*

Case No. 19-01001-EFM

## MEMORANDUM AND ORDER

This case involves a motion to dismiss based on the Plaintiff's failure to make a claim within the allowed time period. On January 2, 2019, Jimmy Gardenhire filed an employment discrimination claim against Solomon Corporation for terminating his employment on the basis of race and age. Solomon Corporation now asks the Court to dismiss Gardenhire's claim because Gardenhire filed it more than 90 days after Gardenhire received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). Although it is uncertain when Gardenhire actually received the right-to-sue letter, the presumption in this district is that a plaintiff receives the letter either three or five days after it was mailed. Gardenhire has done nothing to rebut this presumption. Therefore, the Court grants Defendant Solomon Corporation's Motion to Dismiss (Doc. 12).

## I. Factual and Procedural Background

After Gardenhire's employment was terminated by Solomon Corporation, Gardenhire filed age and race discrimination charges with the State of Kansas Human Rights Commission ("KHRC") and the EEOC. In July 2018, the KHRC determined there was no probable cause for Gardenhire's claim. On August 20, 2018, the EEOC adopted the KHRC's findings and sent a right to sue letter to Gardenhire stating that his claim was dismissed and that Gardenhire had a right to sue.

As required by 29 C.F.R. § 1601.19(a), the EEOC's August 20 letter stated that Gardenhire had 90 days from receipt of the letter to file a lawsuit or the right to sue would be lost. Despite that, Gardenhire did not file his lawsuit against Solomon Corporation until January 2, 2019. Although it is unknown exactly when Gardenhire received the letter, Solomon Corporation asserts that, pursuant to Federal Rule of Civil Procedure 6, the Court should presume that Gardenhire received the letter within three days of the EEOC mailing it. Gardenhire has not filed a Response to Solomon Corporation's motion.

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[1] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[2] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

reasonably infer that the defendant is liable for the alleged misconduct.[3] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[4] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[5] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[6] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[7]

### III. Analysis

Gardenhire filed his lawsuit well after the time allowed. Under 42 U.S.C. § 2000e-5(f)(1) and 29 C.F.R. § 1601.19(a), the EEOC must send the aggrieved party a right to sue letter informing the party that his right to sue will expire 90 days after receipt.[8] A plaintiff is barred from bringing a lawsuit more than 90 days after the plaintiff received the EEOC's right to sue letter.[9]

---

[3] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[4] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[5] *Iqbal*, 556 U.S. at 678-79.

[6] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[7] *Robbins*, 519 F.3d at 1247 (quoting Twombly, 550 U.S. at 570).

[8] 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.19(a).

[9] *Abraham v. Gold Crown Mgmt. LLC*, 2019 WL 174973 at * 3 (D. Kan. 2019) (considering a motion to dismiss based on the 90 day time period); *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1161 (10th Cir. 2018) (explaining a plaintiff has 90 days to file suit after the EEOC issued its right to sue letter).

Here, it is unknown when Gardenhire actually received the EEOC's right to sue letter. "When a receipt date for an EEOC right-to-sue letter is unknown or disputed, the Tenth Circuit has recognized a three-day or five-day mailing presumption."[10] In *Shelby*, for example, this Court did not dismiss a claim on the basis of the claimant filing its claim after the 90-day period because the plaintiff filed his claim 91 days after the EEOC mailed the right to sue letter; so, applying either the three day or the five day mailing presumption, the complaint was timely.[11]

This case is the opposite of *Shelby* because Gardenhire filed his claim 135 days after the EEOC filed the right to sue letter. Thus, regardless if the Court adds an additional three days or five days, Gardenhire's claim is not timely. Gardenhire never filed a Response to Solomon Corporation's Motion to Dismiss and has provided no reason to rebut the presumption that he received the letter within 3–5 days of it being sent. Thus, because Gardenhire filed his complaint well after the 90-day time period had ended, the Court dismisses Gardenhire's claim.

**IT IS THEREFORE ORDERED** that Solomon Corporation's Motion to Dismiss (Doc. 12) is **GRANTED.**

---

[10] *Shelby v. Mercy Reg'l Health Ctr.*, 2009 WL 1067309, at *2 (D. Kan. 2009) (citing *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001); *see also Witt v. Roadway Express*, 136 F.3d 1424, 1429–30 (10th Cir.1998) (noting the possibility of a five-day presumption); *Jarrett v. U.S. Sprint Comm. Co.*, 22 F.3d 256, 259 (10th Cir.1994) (applying a three day presumption pursuant to Fed. R. Civ. P. 6).

[11] *Shelby*, 2009 WL 1067309, at *2.

**IT IS SO ORDERED.**

This case is now closed.

Dated this 7th day of June, 2019.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE